IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | | |
|---|---|---|
| TRUMAN BERST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:11-cv-6338-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSH BURKE, U.S. DEPARTMENT OF | ) | |
| JUSTICE, CONSUMER PROTECTION BRANCH, | ) | |
| U.S. FOOD & DRUG ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff brings this proceeding challenging government regulation of his business, Alternative Health and Herbs Remedies. In essence, plaintiff alleges that the Food and Drug Administration (FDA), in an effort to benefit pharmaceutical companies, has and continues to violate his medical and religious freedom through repressive food and drug laws. Plaintiff contends that the FDA's

intent is to saddle him with so many rules, regulations, and costs to destroy his business.

Plaintiff alleges his products are not unapproved or misbranded drugs. Plaintiff seeks declaratory and injunctive relief finding that he is under "no obligation to support a swarm of bureaucrats who apparently intend to micro-manage his business." Plaintiff also seeks an order directing the defendants "to at least object to one product and its label at a time, point out what they think is objectionable, and then have the Court determine what is in compliance with existing federal law and what is not."

However, the government has brought a separate enforcement action to enjoin defendant from further distributing products that allegedly violate the Food, Drug, and Cosmetic Act (FDCA). United States of America v. Truman J. Berst, 11-cv-6370-TC. In that proceeding, defendant argues his products are not drugs, the FDA violates his Fifth and Fourteenth Amendment rights, the FDCA is void for vagueness, and the FDA has singled out defendant for arbitrary and discriminatory enforcement.

The government moves to dismiss asserting the court has no jurisdiction to prevent an enforcement action, plaintiff's claims are prudentially moot, the enforcement action is the more efficient forum to resolve the dispute, and plaintiff fails to allege any facts to support his claims.

In September of 2004, the FDA identified seven sample products offered for sale by plaintiff's business that did not have allegedly required prior FDA approval. The FDA's follow-up review demonstrated that the plaintiff allegedly continued to sell products in violation of the FDCA. Despite warning letters, the FDA asserts plaintiff continued to sell the non-conforming products. Accordingly, the FDA advised plaintiff on October 5, 2011 that it would be filing an enforcement action to enjoin plaintiff from introducing either unapproved new drugs or misbranded drugs into interstate commerce and from claiming his products would cure, mitigate, treat, or prevent diseases.

In response, plaintiff filed this case on OCTOBER 27, 2011. The government initiated its case against plaintiff on November 21, 2011.

The Supreme Court has noted that judicial review of the preliminary stages of enforcement of the FDCA is inappropriate. Ewing v. Mytinger & Casselberry, 339 U.S. 594, 600-01 (1950). Further, the opportunity to appear and have a full hearing during the enforcement action satisfies due process. Id. at 598. Thus, it is improper for this court to entertain plaintiff's request for relief in this case if it has the effect of enjoining an on-going enforcement action. Direct Marketing Concepts, Inc. v. F.T.C., 581 F.Supp.2d 115, 117 (D.Mass. 2008). "Any challenges to the propriety of the agency action should be addressed in the

3 - ORDER

enforcement action itself." Id. Plaintiff has asserted his challenges to the propriety of the FDA's action in the enforcement proceeding. It would be improper for this action to proceed.

The court also agrees that even in the absence of Ewing, prudence dictates that plaintiff's requests for relief are moot since plaintiff has an opportunity to respond to specific objections to his products and labels and to seek a determination as to what products are in compliance with existing federal law and what products are not. This is especially true given that the complaint in this action lacks sufficient allegations demonstrating entitlement to relief. Accordingly, defendants' motion to dismiss is granted.[1]

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (#8) is granted and this case is dismissed.

DATED this   1st   day of April, 2012.

                            Michael R. Hogan
                            United States District Judge

---

[1] To the extent plaintiff reasserts his motion to consolidate in responding to the motion to dismiss, that motion is denied with prejudice.

4 - ORDER